**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 18 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Teresa Lynn Williams, | ) | Case No. 09-37471 |
| | ) | |
| Debtor(s). | ) | Chapter 13 |
| | ) | |
| Teresa Lynn Williams, | ) | Adv. Pro. No. 10-3207 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Huntington Bancshares Incorporated, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

### ORDER

This case is before the court on Plaintiff's Motion to Extend Time to Reply to Defendant State Farm's Motion for Summary Judgment [Doc. # 47]. In a scheduling order entered on March 15, 2011, the court set forth the schedule for filing summary judgment motions that had been orally set at a

pretrial conference held on March 8, 2011. The schedule required any summary judgment motion by any party to be filed by April 8, 2011, with opposition briefs due by May 9 and replies due by May 16. [Doc. # 37].

Each of remaining Defendants U.S. Bancorp and State Farm Fire and Casualty filed a motion for summary judgment on April 8. Plaintiff did not file her own motion for summary judgment. On May 9 Plaintiff timely filed her opposition to U.S. Bancorp's motion but did not file any opposition to State Farm's motion.

On May 16 Plaintiff filed two documents. One is called "Plaintiff's Opposition to Defendant State Farm's Motion for Summary Judgment" [Doc. # 46] and the other is called "Plaintiff's Motion to Extend Time to Reply to Defendant State Farm's Motion for Summary Judgment" [Doc. #47]. Defendant State Farm opposed the motion to extend time on May 17. [Doc. #48]. It also asked for leave to oppose or reply to the filing if the extension is granted..

Rule 9006 governs extending time. The standard for extending time after expiration of a deadline set in a court order is that "the failure to act was a result of excusable neglect." Rule 9006(b)(1). The Supreme Court interpreted this standard in *Pioneer Inv. Servs. Co. v. Brunswick*, 507 U.S. 380 (1993), where it stated that:

> ...[T]he determination [as to what sorts of neglect will be considered "excusable"] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the ...[other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395.

There is no basis for finding that the opposition filing deadline was missed due to bad faith. That factor supports the requested nunc pro tunc extension. However, the other factors compel denial of the requested extension. In reviewing the proposed opposition document, it reads more like a

motion for summary judgment itself and seeks entry of judgment in Plaintiff's favor. That deadline, however, passed on April 8 and Plaintiff did not herself file a motion for summary judgment. Thus, authorizing the late filing now will necessitate another entire round of oppositions and replies, when the briefing schedule should have been completed on May 16. *But cf.* Fed. R. Civ. P. 56(f)(allowing the court to grant summary judgment to a nonmovant after reasonable notice to respond). The requested extension is thus not just seeking to extend a deadline that passed one week ago, but one that passed more than a month ago. The court finds that both Defendants will be prejudiced by the further delay necessitated by allowing the late filing, as it can be construed as one to which U.S. Bancorp would also have to respond. Lastly, no reason for the delay has been offered, so the court infers that it was within the reasonable control of Plaintiff. Nor is this action complex from either a legal or factual standpoint such that the necessary evidence and legal arguments could not have been timely marshalled in opposition to the State Farm motion or in support of an affirmative motion for summary judgment.

Based on the foregoing reasons, Plaintiff's motion for an extension of time will be denied and the opposition document stricken from the record. The court nevertheless notes that, whether opposed or not, the standards of Rule 56 must still be independently met before either Defendant is entitled to have its motion granted. A determination of whether either or both pending motions should be granted must thus await the further order of the court.

Based on the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Time to Reply to Defendant State Farm's Motion for Summary Judgment [Doc. # 47] is denied; and

**IT IS FURTHER ORDERED** that Plaintiff's Opposition to Defendant State Farm's Motion for Summary Judgment" [Doc. # 46] is hereby treated as stricken from the record; and

**IT IS FINALLY ORDERED** that Defendant State Farm Fire and Casualty 's motion for leave to reply [Doc. #48] is denied as moot.